IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL CASE NO. 06-00086-CG |
| | ) | |
| TOMMIE NATHANIEL WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the motion of defendant, Tommie Nathaniel White, for

new trial (Doc. 87) and the Government's response (Doc. 91).  The court finds that defendant has

not met his burden of establishing grounds for a new trial and that the motion is due to be denied.

Defendant moves for new trial based on newly discovered evidence and the "interest of

justice."  FED. R. CRIM. P. 33 provides that a defendant may file a motion for a new trial on the

basis of newly discovered evidence, and "the court may vacate any judgment and grant a new

trial if the interest of justice so requires." FED. R. CRIM. P. 33(a), (b)(1).  The Eleventh Circuit

has held that, to obtain a new trial on the basis of newly discovered evidence, the movant must

establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the
> evidence was not due to a lack of due diligence, (3) the evidence is not merely
> cumulative or impeaching, (4) the evidence is material to issues before the court, and (5)
> the evidence is such that a new trial would probably produce a different result. [United
> States v. Ramos] 179 F.3d 1333, 1336 n. 1 (11th Cir.1999) (citing United States v.
> Schlei, 122 F.3d 944, 991 (11th Cir.1997)).

U.S. v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003).  "The failure to satisfy any one of these

elements is fatal to a motion for new trial."  United States v. Lee, 68 F.3d 1267, 1274 (11th Cir.

1995).  Motions for a new trial are "highly disfavored," and district courts "should use 'great

caution' in granting a new trial motion based on newly discovered evidence."  United States v.

Garcia, 13 F.3d 1464, 1472 (11th Cir. 1994) (quoting United States v. Johnson, 713 F.2d 654, 661 (11th Cir. 1983)).

Defendant first asserts that the Government violated the bribery statute, Title 18, U.S.C. § 201(c)(2), by entering into plea agreements with his co-conspirators which included the possibility of a recommendation for a reduced sentence in exchange for cooperation.  However, "[t]estimony derived through plea agreements is common in trials and does not violate 18 U.S.C. § 201(c)(2)".  United States v. Thayer, 204 F.3d 1352, 1357 (11th Cir. 2000) (citation omitted).  See also U.S. v. Alonzo-Ubina, 261 Fed.Appx. 256, 257 (11th Cir. 2008).   Additionally, the defendant makes no showing that the plea agreements were not discovered until after trial.

Defendant's second claim is that the record does not reflect that the Government provided discovery or that the defendant's attorney requested discovery.  As noted in the Government's response, the record of the case does, in fact, document that discovery was provided by the Government. (See  Doc. 91. p. 4, n 1).  The defendant does not specify what evidence he claims has been discovered that was not previously provided, nor does he explain when he discovered this "fact".

The defendant clearly has not established the five requirements detailed above for obtaining a new trial on the basis of newly discovered evidence.  The motion for new trial (Doc. 87) is **DENIED**.

**DONE and ORDERED** this the 18th day of February, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE