IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMIE NATHANIEL WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 08-00303-CG-B |
| vs. | ) CRIMINAL NO. 06-00086-CG-B |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

This action is before the Court on Petitioner's Motion for Leave to Amend ("Motion"), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review of Petitioner's Motion, and supporting memorandums of law (Docs. 98, 99), the undersigned recommends that the motion be denied for the reasons set forth herein.

**I. Nature of Proceedings.**

Petitioner Tommie Nathaniel White, a federal inmate, was convicted in 2007 of (1) conspiracy to possess with intent to distribute cocaine and crack cocaine and (2) possession with intent to distribute cocaine. He received a sentence of 400 months imprisonment as to each count, to be served concurrently. (Doc. 62).[1] In his Motion to Vacate, Set Aside or Correct Sentence (Docs.

---

[1] During sentencing, White's counsel objected to the use of the 100:1 powder-to-crack-cocaine ratio in his Amended Position

76, 77), White alleges that his trial counsel and his appellate counsel rendered ineffective assistance of counsel.

In his pending motion, White seeks leave to amend his § 2255 motion in light of the U.S. Supreme Court's decision in <u>Spears v. United States</u>, U.S. , 129 S. Ct. 840, 172 L. Ed. 2d 596 (Jan. 21, 2009). According to White, <u>Spears</u> held that district courts have the power to reject and vary from crack-cocaine sentencing guidelines based on policy disagreements with the guidelines. White contends that "[b]ecause the district court sentenced him without the benefit of the <u>Spears</u> decision, he would like to amend and supplement his § 2255 motion to address this issue, in an effort to persuade the district court, an[d] to afford the district court an opportunity to consider imposing a sentence with full recognition of its authority to reject and vary from the crack-cocaine guidelines based solely on a policy disagreement with those guidelines." (Doc. 98).

## II. Discussion.

Rule 15(a) of the Federal Rules of Civil Procedure provides

---

Regarding Sentencing Factors (Doc. 58), which was noted in the Presentence Investigation Report ("PSR") (Doc. 59) prepared by the Probation Office. In the PSR, United States Probation Officer Marc Seibert recommended that White receive a life sentence. (<u>Id.</u>) During the sentencing hearing, Defendant requested a 20 year sentence, however, Judge Granade determined that because White's appropriate offense level was 43, with a criminal history category of VI, 400 months incarceration reflected a more appropriate sentence considering the statutory purposes of sentencing. <u>See</u> (Doc. 71, Sentencing Hearing Transcript).

2

that leave to amend a party's pleading, after responsive pleadings have been filed, "shall be freely given when justice so requires." The decision whether to grant leave to amend is within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "[T]he district court may consider such factors as 'bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment.'" Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)), overruled on other grounds, McKinney v. Pate, 20 F.3d 1550, 1559 (11th Cir. 1994). Permission to amend may be denied when the claim, as amended, is subject to dismissal. See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985).

As noted supra, White argues that in light of the Spears decision, this Court should vacate his 400 month sentence and resentence him based on the Spears decision.[2] White, however, misunderstands the effect of Spears. The Court's decision in Spears did not create a right to a reduction in a sentence involving a crack-cocaine offense; rather, the decision merely clarified the

---

[2]White concedes that "there is no way to ascertain whether the district court would have imposed the same sentence if it had known of its discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement." (Doc. 99).

Supreme Court's prior holding in <u>Kimbrough v. United States</u>, 552 U.S. 85. 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007) and recognized the discretionary power of federal trial judges at the time of sentencing "to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." <u>Spears</u>, 129 S. Ct. at 844; <u>see also</u> <u>United States v. Hagan</u>, 2010 U.S. Dist. LEXIS 17588 (E.D. Ky. Feb. 26, 2010) (explaining <u>Spears</u>); <u>Unites States v. Johnson</u>, 553 F.3d 990 (6th Cir. 2009) (same). In <u>Spears</u>, the Supreme Court specifically upheld the decision of a district court judge, which adopted a 20:1 ratio between crack and powder cocaine after finding that the then-applicable Guidelines' 100:1 powder-to-crack cocaine ratio resulted in an excessive sentence. 129 S. Ct. at 844. However, <u>Spears</u> does not require district courts to adopt any similar crack-to-powder cocaine ratio, nor does it require district courts to vary from the current crack-cocaine guidelines. <u>See</u> <u>United States v. Deglace</u>, 353 Fed. Appx. 310, 314 (11th Cir. 2009); <u>Hagan</u>, 2010 U.S. Dist. LEXIS 17588, at *3.

Moreover, the undersigned is unaware of any authority which suggests that the Supreme Court intended for the <u>Spears</u> decision to have retroactive application. In fact, while the Eleventh Circuit has not addressed this issue, other courts addressing this issue have recognized that <u>Spears</u> does not apply retroactively to cases, such as the instant one, which are before the court on collateral

4

review.  See, e.g., Fontes v. United States, 2010 U.S. Dist. LEXIS 28474, *17-19 (D. Mass. Mar. 25, 2010); U.S. v. Tchibassa, 646 F. Supp. 2d 144, 149 (D.D.C. 2009); United States v. Knight, 2009 U.S. Dist. LEXIS 91556, *4 (W.D. Pa. Sept 30, 2009). Cf. United States v. Davis, 2009 U.S. Dist. LEXIS 99023, *4 (S.D. W. Va. Oct. 22, 2009)("Kimbrough and Spears, though critical opinions for *future* federal sentencing practice, do not provide the authorization necessary to revisit and modify past sentences.") (emphasis in original).

In light of the above-referenced cases, the undersigned finds that White's proposed amendment is futile and would be subject to dismissal.[3] A court may properly refuse to grant leave to amend where that amendment would be futile. See Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005) ("[We have] found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (citation omitted); Halliburton, 774 F.2d at 444 (holding that leave to amend should be denied when an

---

[3] The record reflects that during the direct appeal of his conviction and sentence, White argued that the district court erred in applying the 100-to-1 crack-to-powder cocaine disparity in calculating his sentence and that his 400-month below-Guidelines sentence was unreasonable. The Eleventh Circuit Court of Appeals disagreed and affirmed his conviction and sentence. See (Doc. 75). However, the Eleventh Circuit indicated that because White was sentenced prior to the Sentencing Commission's amendment of § 2D1.1(c)(1) in November 2007, which was subsequently made retroactive, White could file a motion with the district court requesting a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). Interestingly, the record does not reflect that White filed any such motion.

5

amendment is subject dismissal because it is futile). Therefore, the undersigned recommends that White's Motion for Leave to Amend be denied.

## III. Conclusion.

Based on the foregoing reasons, the undersigned hereby recommends that White's Motion for Leave to Amend be denied.

The attached sheet contain important information regarding objections to this Report and Recommendation.

DONE this the **20th** day of **May, 2010**.

                                            /S/ SONJA F. BIVINS
                                 **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4] The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

7

2.   ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.