IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIM. NO. 06-00086-001-CG |
| | ) | |
| TOMMIE NATHANIEL WHITE, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the court on defendant Tommie Nathaniel White's pro se filing styled "Motion, For Review in Light of <u>Descamps v. United States</u> Clarifying The Modified Categorical Approach (M.C.A.) May Be Applied Retroactively". (Doc. 128). For the reasons stated herein, White's motion is due to be denied.

**1. Background**

On July 20, 2006, following a four-day jury trial, White was convicted of one count of conspiracy to distribute cocaine and cocaine base and one count of possession with intent to distribute cocaine. (Doc. 28). Prior to the sentencing hearing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR") using the 2005 edition of the United States Sentencing Guidelines. (Doc. 59). In the PSR, White's base offense level was determined to be 38, as he was deemed accountable for more than 1.5 kilograms of cocaine base. (<u>Id.</u>, at 10). White was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor in a conspiracy that involved five or

more participants. (Doc. 59 at 10).    Thus, White's total offense level was calculated at level 43 with a criminal history category of IV, which resulted in a guideline range of life imprisonment.

Prior to sentencing, White objected to the two level enhancement for possession of the firearm. (Doc. 59-1 at 2).   Upon consideration of White's objection, Probation responded that "evidence in this case indicates that co-conspirator, Alfred Tyrone Jones, told law enforcement authorities that he had witnessed White in possession of a .45-caliber pistol and a 9 mm pistol while he conducted cocaine transactions." (*Id.*).   Further Probation added, "[i]t has been established that guns are 'tools of the trade[]'" and found that the enhancement appeared to be appropriate in White's case. (*Id.*).   Thus, the PSR remained unchanged.   On March 2, 2007, White submitted his Amended Positions Regarding Sentencing wherein he denied the weapon specific enhancement for possession of a firearm. (Doc. 58 at 2).   During sentencing, the Court found that the testimony of at least five witnesses that White used a firearm while dealing drugs, supported the enhancement; thus, the Court overruled White's objection to the two-level enhancement for possession of a firearm. (Doc. 71 at 7).   White was sentenced to 400 months incarceration followed by a ten-year supervised release term on each of counts one and two to be served concurrently. (*Id.*, at 23).

While White filed an appeal of his sentence and conviction he did not challenge the two level enhancement related to the firearm on appeal. (Doc. 75). White's sentence and conviction were affirmed on appeal. (*Id.*).   Later, White filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,

which was denied on the merits. (Docs. 76, 77, 98, 99,106, 109, 110, 111, 112). White did not challenge the two level enhancement related to the firearm in his § 2255 petition. White also filed a Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582 (Doc. 113). That motion was granted and White's sentence was reduced to 360 months. (Docs. 117, 119). In the instant motion, White challenges his guideline range based on the two-level enhancement for possession of a firearm and the three-level enhancement for his leadership role in the offense. (Doc. 128 at 2 – 3). Specifically, White contends that under the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Court erred in applying the two level enhancement for possession of a firearm because White's alleged use of the firearm was not a fact that was charged in the indictment; thus, the application of the enhancement was a violation of his Sixth Amendment rights. Additionally, White contends that the "Court may seem [sic] fit to correct [the three level enhancement for his leadership role] under Blakely also." (Doc. 128 at 2).

**2. Analysis**

As a threshold matter, White's Motion is procedurally problematic, at best. White does not identify the statute or other authority that he contends empowers this Court to "reopen" this long-closed criminal proceeding and re-sentence him. It is well settled that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also* United States v. Jackson, 613 F.3d 1305, 1308

(11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed. R. Crim. P. 35."). Plainly, neither Fed. R. Crim. P. 35 nor 18 U.S.C. § 3582(c) has any application to White's circumstances. As White's instant motion to reconsider is essentially a collateral attack on his sentence, the Court construes the motion as a collateral attack made pursuant to under 28 U.S.C. § 2255. Because White has already filed a § 2255 petition, the instant motion is improper as a petition to vacate, set aside or correct sentence.

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>United States v. Oliveros-Estupinan</u>, 544 F. App'x 930 (11th Cir. 2014). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). In the instant motion, White does not allege and the record does not establish that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition; therefore, to the extent that White's current attack is construed as a § 2255 petition, White's motion to vacate must be dismissed without prejudice.

The Court points out, however, that even if White had met the requisite

standard for reconsideration of his sentence based on another federal statute or Fed. R. Crim. P. 35 his motion for reconsideration would fare no better simply because 1) the Supreme Court did not make the rule announced in Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) retroactive to cases on collateral review. See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("The declaration of retroactivity must come from the Justices.")[1], and 2) Descamps has no application to White's case in any event, as there was no enhancement to his Guideline range due to the Armed Career Criminal provision.

Accordingly, it is **ORDERED** that that White's motion for review of his sentence (Doc. 128) is **DENIED**.

**DONE** and **ORDERED** this 9th day of September, 2014.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, although the Eleventh Circuit Court of Appeals has published an opinion as to whether Descamps is to be applied retroactively, district courts in this Circuit have uniformly rejected the retroactive application of Descamps. See Strickland v. English, 2013 U.S. Dist. LEXIS 119371, *23-24, 2013 WL 4502302, *8 (N.D. Fla. August 22, 2013) ("The Supreme Court has clearly stated that 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.'"); Reed v. United States, 2013 U.S. Dist. LEXIS 146141, *9, 2013 WL 5567703, *3 (M.D. Fla. October 9, 2013); Roscoe v. United States, 2013 U.S. Dist. LEXIS 148530, 31-32, 2013 WL 5636686, *11 (N.D. Ala. October 16, 2013); Johnson v. United States, 2014 U.S. Dist. LEXIS 72015, *6-7, 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014); and United States v. Boykin, 2014 U.S. Dist. LEXIS 74755, *2, 2014 WL 2459721, *1 (N.D. Fla. May 31, 2014); see also United States v. Chapman, 2014 U.S. Dist. LEXIS 65907, *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that Descamps does not apply retroactively to cases on collateral review."); Harr v. United States, 2014 U.S. Dist. LEXIS 58692, *8, 2014 WL 1674085, *3 (C.D. Ill. Apr. 28, 2014) ("Descamps did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw.").