IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 06-086-CG-B |
| TOMMY NATHANIEL WHITE | ) | |

## ORDER

This matter is before the Court on Defendant, Tommie Nathaniel White's ("White") Motion for Relief under Section 404 of the First Step Act (Doc. 133), the United States response (Doc. 137), and White's reply (Doc. 138). Upon consideration and for the reasons set forth herein below, White's motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, White was indicted on one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), one count of possession with the intent to distribute 500 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two), two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Three and Four), and one count for forfeiture pursuant to 21 U.S.C. § 853 (Count Five). (Doc. 1). On July 20, 2006, after a trial by jury, White was found guilty of Counts One and Two and not guilty of

1

Counts Three and Four. (Doc. 28). Count Five was dismissed by agreement of the parties. (*Id.*) Because an Information establishing prior conviction was filed by the United States prior to trial (Doc. 14), the statutory penalty for Count One was a minimum mandatory 20 years to a maximum life imprisonment, and on Count Two was a minimum mandatory 10 years to a maximum life imprisonment.

According to the Presentence Investigation Report ("PSR"), the testimony at trial established that White was involved with more than 1.5 kilograms of cocaine and therefore, White's base offense level under U.S.S.G. § 2D1.1 was 38. (Doc. 59). However, White was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor in a conspiracy that involved five or more participants. (*Id.*) As a result, White's total offense level was 43. (*Id.*) His criminal history category was VI. (*Id.*) An offense level of 43 with a criminal history category of IV produced a guidelines range of life imprisonment. (*Id.*) On March 6, 2007, White was sentenced to 400 months' imprisonment on each count to be served concurrently. (Doc. 62). White's conviction and sentence was confirmed on appeal in April 2008. (Doc. 75).

Prior to the instant motion, White filed two motions for a reduction of sentence.[1] (Docs. 113, 130). The first motion was granted which resulted in White's sentence being reduced to 360 months. (Doc. 119). White's second motion was

---

[1] White additionally sought a reduction of his sentence via motions to review (Docs. 121 and 128) which were both denied. (Docs. 124 and 129).

denied. (Doc. 132). White has now filed the instant motion seeking a reduction pursuant to § 404 of the First Step Act of 2018. (Doc. 133). The Government has responded in opposition (Doc. 137) and White has replied (Doc. 138).

DISCUSSION

White contends he is eligible for a reduction of his sentence under § 404 of the First Step Act of 2018 ("FSA").

In relevant part, the Act sets forth as follows:

> (b) Defendants Previously Sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221. The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) & (B) and replaced the 5 grams or more threshold with 28 grams or more, and the 50 grams or more threshold with 280 grams or more.

White's motion relies on the indictment in his case to establish his eligibility for a reduction under the FSA. White asserts that if he were sentenced today, he would no longer be subject to the mandatory minimum of 20 years to life for Count One or the ten years to life for Count Two and would instead be subject to the penalties under § 841(a)(1)(B) of five years to 40 years imprisonment. (Doc. 133 at 5-6; PageID.1282-83). White further contends that applying the relevant section of

the Fair Sentencing Act as if it had been in effect at the time of his sentencing reduces his base offense level to 24 with a sentencing guideline range of 100 to 125 months' imprisonment. (*Id*.) Considering the previously applied level increases for White's possession of a weapon and for being a supervisor, White asserts his new total offense level is 29 with an accompanying sentencing guideline range of 151 to 188 months' imprisonment. (*Id*.) As such, White seeks a reduction of his sentence to an amount that is within the new guideline range.

The United States argues that the Court should look to the facts underlying White's conviction as set forth in the PSR and as acknowledged at White's sentencing hearing to determine what White's eligibility for a reduction of sentence under the Fair Sentencing Act. (Doc. 137). As such, the Government contends that because White was responsible for 1.5 kilograms of crack cocaine, an amount which exceeds the current threshold of 280 grams for the penalties in 21 U.S.C. § 841(b)(1)(A), he is not eligible for a reduction of sentence under the FSA. (Doc. 137). Moreover, the Government asserts that even if White is eligible for a reduction, this Court should deny the requested relief. (*Id*.)

The Court finds the Government's position regarding eligibility is not compelling for two reasons. First, when determining the statutory penalty for an offense, the Court looks to the offense charged in the indictment, not the quantity for which the defendant is held responsible in a PSR or at sentencing. Second, a PSR establishes a factual basis for a sentence and includes an amount of controlled substance for which a defendant is responsible for purposes of relevant conduct, i.e.,

for purposes of determining the guidelines. The PSR cannot amend the indictment.

As succinctly stated in United States v. *Pierre*, 372 F.Supp.3d 17, *22, 2019 WL 1495123, *5 (D.R.I. Apr. 5, 2019):

> The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.
>
> The Government's approach, while reasonable, is problematic in several ways. First, it effectively requires the Court to employ a prosecutor-friendly "way-back machine" to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect.

*United States v. Pierre*, 2019 WL 1495123 at *5.

The undersigned also finds persuasive *United States v. Davis*, No. 4:92-cr-04013-WS-CAS (N.D. Fla. Mar. 6, 2019), ECF No.2245, wherein the district court explained as follows:

> Congress could have directed district courts to do what the government suggests. Instead, in the First Step Act, Congress authorized district courts to reduce the sentence of a defendant "as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." First Step Act,§ 404(b). If section 2 of the Fair Sentencing Act had been in effect when Davis's covered offense was committed, this court would have been obliged to inform Davis at arraignment that he was facing a five-to-forty-year statutory penalty range, not a ten-year-to-life range. Congress did not direct district courts to consider, and this court declines to consider, what the government might have charged had the Fair Sentencing Act been in effect when Davis's offense was committed.

The parties do not dispute and the Court finds that White's crack cocaine offense constitutes a "covered offense" under § 404(a)[2] of the First Step Act and that none of the limitations of § 404(c)[3] apply. Therefore, the Court has the authority to resentence White "as if" the Fair Sentencing Act's lower threshold quantities for sentences had been in place when he was sentenced.[4]

Further, the Court disagrees with White's calculation of a total offense level. Rather, the revised calculation under the sentencing guidelines yields a total offense level of 37[5] and a criminal history category of VI. As a result, if sentenced

---

[2] "(a) Definition of Covered Offense. In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

[3] "(c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

[4] The Court notes that the First Step Act of 2018 does not mandate resentencing of eligible defendants. Section 404(c) states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

[5] This offense level takes into account Amendments 782 and 789 (which reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table); and 750 and 759 (which reduced offense levels for certain quantities of crack to correspond to the Fair Sentencing Act). It appears to be the majority view among courts that have addressed the issue, that upon resentencing the Court should incorporate all of the applicable retroactive guideline amendments. *See United States v. Clarke*, No. 3:04-CR-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) ("The Government asserts that 'the Court should not reexamine any guideline issues determined at sentencing other than those directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments.' "); *United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (applying the drug quantity guidelines in effect now); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted.");*United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("As recalculated, Davis is now a total offense

today, White's sentencing guidelines range would be 360 months to life. Because White's sentence of 360 months is well within the reduced statutory sentence of five years to forty years under § 841(b)(1)(B), the Court finds that a sentence of 360 months remains an appropriate sentence.

In reaching this decision, the Court has considered relevant portions of the docket including the presentence investigation report and White's conduct during incarceration. Specifically, the Court notes that White is a drug user and a dealer of large amounts of crack cocaine. White's record also indicates that he has a history of resorting to violence. However, the Court also notes White's conduct while incarcerated. According to White, while incarcerated he has been a model prisoner who has earned his G.E.D., completed several self-rehabilitation courses, and maintained employment since the beginning of his incarceration. (Doc. 138 at 6-7; PageID.1306-07). White has additionally provided this Court with eleven certificates of completion for numerous courses he has completed while incarcerated. (*Id.* at 10-21; PAgeID.1310-21). Lastly, White asserts that during his fourteen years of incarceration he has had only minor disciplinary infractions. (*Id.* at 4; PageID.1304).

Based on the relevant considerations before this Court, a reduction of White's sentence is not warranted. Rather, the Court finds that the guidelines are reasonable and a because White's current sentence of 360 months is already on the

---

level 33 and criminal history category II...."); *United States v. Dodd*, No. 3:03-CR-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("Defendant's Sentencing Guidelines range has also changed."

7

lowest end of his guideline range, this Court is not inclined to further reduce White's sentence.

**DONE** and **ORDERED** this 10th day of April, 2020.

                                      /s/ Callie V. S. Granade
                                      SENIOR UNITED STATES DISTRICT JUDGE