IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMIE NATHANIEL WHITE, ) | |
| ) | |
| Petitioner, ) | CIV. A. NO. 08-303-CG |
| ) | |
| vs. ) | |
| ) | CRIM. NO. 06-cr-86-CG-MU |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This cause is before the undersigned on Petitioner Tommie Nathaniel White's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 151). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that the instant motion be dismissed without prejudice due to White's failure to comply with 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

## I. Background

In April 2006, White was indicted on one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), one count of possession with the intent to distribute 500 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two), two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Three and Four), and one count for forfeiture pursuant to 21 U.S.C. § 853 (Count Five). (Doc. 1). On July 20, 2006, after a trial by jury, White was found guilty of Counts One and Two and not guilty of Counts Three and Four. (Doc. 28). Count Five

was dismissed by agreement of the parties. (*Id*.). Because an Information establishing prior conviction was filed by the United States prior to trial (Doc. 14), the statutory penalty for Count One was a minimum mandatory 20 years to a maximum life imprisonment, and on Count Two was a minimum mandatory 10 years to a maximum life imprisonment.

According to the Presentence Investigation Report, the testimony at trial established that White was involved with more than 1.5 kilograms of cocaine and therefore, White's base offense level under U.S.S.G. § 2D1.1 was 38. (Doc. 59). However, White was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor in a conspiracy that involved five or more participants. (*Id*.). As a result, White's total offense level was 43. (*Id*.) His criminal history category was VI. (*Id*.). An offense level of 43 with a criminal history category of IV produced a guidelines range of life imprisonment. (*Id*.). On March 6, 2007, White was sentenced to 400 months' imprisonment on each count to be served concurrently. (Doc. 62). This Court subsequently denied White's motion for a new trial. (Docs. 87 and 93). The Eleventh Circuit Court of Appeals affirmed the convictions and sentences, *United States v. White, 270 F. App'x 824* (11th Cir. 2008) (Doc. 75) and affirmed the denial of the motion for a new trial, *United States v. White*, 342 F. App'x 488, 489 (11th Cir. 2009) (Doc. 103).

White has filed three motions for a reduction of sentence.[1] (Docs. 113, 130, and 133). The first motion was granted, which resulted in White's sentence being reduced from 400 months to 360 months. (Doc. 119). White's second and third motions were

---

[1] White additionally sought a reduction of his sentence via motions to review (Docs. 121, 128, and 140), which were all denied. (Docs. 124, 129, and 141).

denied. (Docs. 132 and 139). On August 11, 2022, White filed a Motion for Compassionate Release and/or Sentence Modification Pursuant to Section 603 of the First Step Act and/or 18 U.S.C. 3582(c)(1)(a)(i), which remains pending before the District Judge. (Doc. 142).

Additionally, White filed a prior § 2255 motion to vacate with this Court in 2008, alleging that his trial counsel and appellate counsel rendered ineffective assistance of counsel. (Docs. 76 and 77). On March 20, 2009, White filed a motion to amend his then pending § 2255 motion in light of the U.S. Supreme Court's decision in *Spears v. United States*, 555 U.S. 261 (Jan. 21, 2009), arguing that *Spears* held that district courts have the power to reject and vary from crack-cocaine sentencing guidelines based on policy disagreements with the guidelines. (Docs. 98 and 99). The Magistrate Judge entered a report and recommendation recommending that the motion to amend be denied. (Doc. 106). The Magistrate Judge also entered a report and recommendation recommending that the motion to vacate be denied. (Doc. 109). These reports and recommendations were adopted by the District Judge on March 24, 2011, thereby denying White's motion to amend and motion to vacate. (Docs. 110 and 111). Petitioner has now filed another § 2255 motion to vacate. (Doc. 151).[2]

## II. Analysis

**A. Successive Motion**

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider

---

[2] Petitioner's motion is dated October 12, 2023. (Doc. 151, PageID.1400). However, the motion was not entered into the Court's CM/ECF system until February 20, 2024.

the motion ....") Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion.").

"Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization" of the court of appeals."). As there is no indication in the record that the Eleventh Circuit Court of Appeals has granted White leave to bring his present, successive § 2255 motion, this Court lacks jurisdiction to consider its merits. Accordingly, White's present § 2255 motion (Doc. 151) is due to be **DISMISSED without prejudice** for lack of jurisdiction.

**B. Certificate of Appealability**

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. However, a COA is unnecessary when, as here,

the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

## C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As White's present § 2255 motion is clearly due to be dismissed as an unauthorized second or successive motion, the undersigned **RECOMMENDS** the Court certify that any appeal by White of the dismissal of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[3]

## II. Conclusion & Recommendation

In accordance with the foregoing analysis, it is **RECOMMENDED** that White's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 151) be **DISMISSED without prejudice** for lack of jurisdiction, and that the Court find White not entitled to proceed *in forma pauperis* on any appeal of that dismissal.

---

[3] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Done this **28th** day of **February, 2024**.

                                        s/P. Bradley Murray
                                        UNITED STATES MAGISTRATE JUDGE